UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.  8:03-cr-281-T-23EAJ
                                                                                 8:05-cv-2112-T-23EAJ
ABEL QUINONES OROBIO
                                                                    /

**O R D E R**

Orobio stands convicted pursuant to a plea agreement (Doc. 93) of conspiracy to distribute cocaine while aboard a vessel, for which offense he is serving a sentence of 97 months. The sentence was imposed on February 4, 2004 (Doc. 183), and Orobio's direct appeal was dismissed (Doc. 301) based on a valid appeal waiver in the plea agreement.  Orobio challenges the validity of his sentence in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and alleges that his counsel was ineffective on appeal for not requesting the appellate court to hold the appeal in abeyance pending the decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005).

A motion to vacate must be reviewed prior to service on the Government.  *See* Rule 4 of the Rules Governing § 2255 Cases.  If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the Government.  28 U.S.C. § 2255.  *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of § 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Orobio' motion is without merit.

Orobio cannot fault counsel for failing to request the appellate court to hold the appeal in abeyance until *Booker* was decided because Orobio waived any right to appeal as part of the plea agreement. In fact, the direct appeal was dismissed specifically based on the appellate waiver: "Appellee's motion to dismiss this appeal due to a valid appeal waiver contained in Appellant's plea agreement is GRANTED." Order (Doc. 301) (emphasis original).

Additionally, Orobio cannot assert a direct challenge to his sentence based on *Booker* because that decision does not apply retroactively to cases on collateral review. *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because *Blakely,* like *Ring [v. Arizona,* 536 U.S. 584 (2002)], is based on an extension of *Apprendi [v. New Jersey,* 530 U.S. 466 (2000)], Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."), and *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) ("Regardless of whether *Booker* established a 'new

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review.").

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Orobio and close this action.

ORDERED in Tampa, Florida, on December 1, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro